# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | | |
|---|---|---|
| FCS Industries, Inc. and Freight Consolidation Services Inc., | ) ) ) | |
| Plaintiffs, | ) ) | Case 2:24-cv-10114 Hon. |
| v. | ) ) | |
| Liberty Insurance Corporation, also known as Liberty Mutual Group Inc. | ) ) ) | Removed from Wayne County Circuit Court Case No. 23-016155-CB |
| Defendant. | ) ) ) | |

## NOTICE OF REMOVAL OF STATE COURT CIVIL ACTION TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN <u>SOUTHERN DIVISION</u>

TO:   United States District Court
      Judges of the Eastern District of Michigan, Southern Division

Defendant Liberty Insurance Corporation ("Liberty"), by and through undersigned counsel, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, submit this Notice of Removal of State Court Civil Action from Michigan state court, Third Judicial Circuit of Michigan (Wayne County Circuit Court), to the United States District Court for the Eastern District of Michigan, Southern Division.

In support of this Notice of Removal, Defendant Liberty states as follows:

1.  For the reasons detailed below, this Court has subject matter jurisdiction over this civil action and dispute pursuant to 28 U.S.C. § 1332 and, therefore, removal is proper.

2.  Plaintiffs FCS Industries, Inc. and Freight Consolidation Services Inc. ("Plaintiffs" or "FCS") initiated this civil action by filing a Complaint on December 14, 2023, in Wayne Circuit Court, which was assigned Case No. 23-016155-CB ("Wayne State Court Action").

3.  Plaintiff's counsel initiated service of process on December 15, 2023, upon Defendant Liberty by serving the Summons and Complaint via Certified Mail on Liberty's resident agent, CSC-Lawyers Incorporating Service Company ("CSC"), 3410 Belle Chase Way, Suite 600, Lansing, MI 48911.

4.  The Summons and Complaint in the Wayne State Court Action and service of same on Liberty's resident agent CSC was acknowledged on December 19, 2023.

5.  In accordance with 28 U.S.C. § 1446(a), copies of all process and pleadings served upon Liberty in the Wayne State Court Action are attached hereto as **Exhibit A.**

6.  Upon information and belief, and as alleged in Plaintiffs' Complaint filed in the Wayne State Court Action, Plaintiff FCS Industries, Inc. is a Delaware corporation with its principal place of business in Wayne

County, Michigan, and Plaintiff Freight Consolidation Services Inc. is a Delaware corporation with its principal place of business in Wayne County, Michigan. (Complaint at ¶1, **Exhibit A**).

7. Liberty is a Massachusetts corporation with its principal place of business in Boston, Massachusetts. Liberty is authorized to and does transact business in the State of Michigan.

8. As alleged in Plaintiffs' Complaint, Liberty issued an Excess Insurance Policy for Self-Insurer of Workers Compensation and Employers Liability to named insured FCS Industries, Inc. for the policy period November 1, 2007 to November 1, 2008 ("Liberty Policy"). (Complaint at ¶6, **Exhibit A**, and Exhibit 1 attached thereto).

9. Plaintiffs' Complaint alleges that from approximately February 2008 to November 21, 2023, Plaintiffs have paid workers' compensation benefits to Gary Locklear, Freight Consolidation Services Inc. employee, allegedly stemming from work-related injuries he sustained on February 8, 2008, and February 10, 2008. Specifically, Plaintiffs allege that they have exhausted the $500,000 Insured Retention each accident required under the Liberty Policy through the benefits paid to Mr. Locklear since 2008. (Complaint at ¶26, **Exhibit A**).

3

10. Plaintiffs allege in their Complaint that Defendant Liberty "continues to deny coverage to Plaintiffs and maintains the position that CLAIMANT'S injuries and treatments. . . were not related to the 2008 Accident." (Complaint at ¶34, **Exhibit A**).

11. Plaintiffs' Complaint alleges that "Plaintiffs have incurred a total loss of approximately $199,769.08 above the self-insured retention of FIVE HUNDRED THOUSAND DOLLARS," and that Liberty is liable to reimburse Plaintiffs for this amount. (Complaint at ¶33, **Exhibit A**).

12. Plaintiffs' Complaint requests a declaration that Liberty is obligated under the Liberty Policy to reimburse Plaintiffs for amounts paid to Gary Locklear beyond the $500,000 self-insured retention set forth in the Liberty Policy.

13. The Complaint further alleges that Liberty has breached the Liberty Policy and requests a money judgment arising out of said breach of contract. Further, the Complaint requests 12% penalty interest pursuant to MCL 500.2006.

14. Defendant Liberty disagrees with and disputes Plaintiffs' allegations, assertions and claims asserting: (i) Liberty has improperly denied coverage under the Liberty Policy; (ii) the $500,000 self-insured retention has been properly exhausted by payments of benefits to Mr. Locklear stemming

4

from "bodily injury by accident"; (iii) Mr. Locklear's bodily injury by accident occurred during the policy period; and (iv) Plaintiffs have sustained $199,769.08 in damages.

15.  However, pursuant to 28 U.S.C. § 1332(a), this Court has original jurisdiction over this civil action because it involves a controversy between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.  Thus, removal is proper in accordance with 28 U.S.C. § 1441(a).

16.  This civil action is not subject to 28 U.S.C. § 1445(c) because, although the Liberty Policy is an Excess Insurance Policy for Self-Insurer of Workers Compensation and Employers Liability, Plaintiffs' claims are for common law breach of contract and declaratory relief stemming from Plaintiffs' alleged entitlement to coverage under the Liberty Policy.  Nor is Plaintiffs' employee Gary Locklear a party to this action.  This action does not involve claims seeking benefits under Michigan's worker's compensation law. Accordingly, this is not an action "arising under the workmen's compensation laws of [Michigan]."  28 U.S.C. § 1445(c).

17.  As required by 28 U.S.C. § 1446(b)(3), this Notice of Removal is being filed within 30 days after receipt by Defendant Liberty's resident agent

CSC of the as-filed copy of the Complaint in the Wayne State Court Action on December 19, 2023.

18. Concurrently with the filing of this Notice of Removal, by means of the Notice of Filing Notice of Removal filed in the State Court Action and attached hereto as **Exhibit B**, Defendant Liberty is providing notice to Plaintiffs and to the Wayne County Clerk of Court of this (a) Notice of Removal; (b) the fact that this action is to be docketed in this Court; and (c) that this Court shall hereafter be entitled to grant all relief to Defendant Liberty as is proper under the circumstances.

19. Defendant Liberty reserves the right to supplement this Notice of Removal if it becomes necessary to do so.

WHEREFORE, Defendant Liberty requests that this action proceed in this Court as a removed civil action under 28 U.S.C. §§ 1441 and 1446.

Respectfully submitted,

  *s/Stephen P. Brown*
Stephen P. Brown (P48847)
PLUNKETT COONEY
38505 Woodward Ave., Suite 100
Bloomfield Hills, MI 48304
T: (248) 901-4000
F: (248) 901-4040
sbrown@plunkettcooney.com
***Attorneys for Defendant Liberty***

Dated: January 16, 2024

## **CERTIFICATE OF SERVICE**

I do hereby certify that on the 16th day of January 2024, I filed the foregoing document with the Clerk of the Court using their electronic court filing system, and via U.S. Mail and email to:

SEAN S. CLELAND (P55856)
STEPHEN B. FOLEY (P27274)
Stephen B. Foley, PC
9900 Pelham Road
Taylor, MI 48180
scleland@sbfpc.com
sfoley@sbfpc.com

           *s/Stephen P. Brown*
           Stephen P. Brown (P48847)
           PLUNKETT COONEY

Open.06856.24406.32966481-1

8